Filed 6/28/13  J.B. v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

| | |
|---|---|
| J.B., | C071961 |
| Petitioner, | |
| | (Super. Ct. Nos. SDP20120018, SDP20120019, & SDP20120020) |
| v. | |
| THE SUPERIOR COURT OF EL DORADO COUNTY, | |
| Respondent; | |
| M.W. et al., | |
| Real Parties in Interest. | |

The respondent court entered an order declaring Valarie B. the presumed parent of minors M.W., Ja.W., and D.W.  Because petitioner J.B. had a preexisting judgment establishing the paternity of the minors, which rebuts the presumption, we shall issue a writ of mandate compelling the respondent court to vacate its order.  (Fam. Code, § 7612, subd. (c).)[1]

---

[1]     Further undesignated statutory references are to the Family Code.

1

Petitioner is the biological father of minors M.W., Ja.W., and D.W. He is also the biological father of minor Jo.W., who is not a subject of the instant petition. The minors' mother, F.W., had been in an intermittent relationship with Valarie B. for almost 20 years and Valarie B. participated in raising the minors. That relationship finally ended around 2007 or 2008. The minors knew petitioner as their father, but he was not as involved in raising them.

On October 4, 2001, petitioner appeared at the San Mateo County Department of Child Support Services and requested the department open a child support case and that the minors be genetically tested. An order for genetic testing was issued by the San Joaquin County Superior Court. The minors' biological mother, F.W., did not comply with the order. Eventually, on March 28, 2002, when the minors were visiting petitioner for the weekend, petitioner brought the minors M.W., Ja.W., and D.W. into child support services to have the genetic tests performed. On July 23, 2002, an individual from child support services went to F.W.'s home and had Jo.W. swabbed for genetic testing. The genetic tests showed that petitioner is the biological father of all four minors.

On October 22, 2002, a "Judgment Regarding Parental Obligations" was entered by the San Joaquin County Superior Court, declaring the biological mother, F.W., and petitioner "the mother and father" of each of said minors. The judgment ordered $0 for monthly child support obligations, to commence November 1, 2001.

On May 27, 2008, after an uncontested hearing, an order was entered by the San Joaquin County Superior Court, again declaring petitioner "is the parent of and must pay current child support for" each of said minors and modifying the child support obligations of petitioner to $1,199 a month. On November 8, 2011, an order was entered by the San Joaquin County Superior Court, again declaring petitioner "is the parent of and must pay current child support for" each of said minors and modifying the child support obligations of petitioner to $553 a month.

On August 22, 2012, the respondent court, in connection with dependency proceedings brought on behalf of the minors, found Valarie B. to be the presumed parent of minors M.W., Ja.W., and D.W. Petitioner filed a petition for writ of mandate challenging the respondent court's August 22, 2012, order declaring Valarie B. the minors' presumed parent.

On October 9, 2012, we notified the parties we were considering issuing a peremptory writ in the first instance, and invited opposition to the petition, pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171. Our order further invited the respondent court to reconsider its August 22, 2012, order, pursuant to *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1250. The respondent court subsequently informed this court of its intent not to change its order, necessitating this opinion.

We shall issue a peremptory writ.

DISCUSSION

Petitioner contends the respondent court erred in declaring Valarie B. the presumed parent because he had a preexisting judgment establishing paternity of said minors. We agree.

Section 7611 provides that a "man is presumed to be the natural father of a child if . . . [¶] . . . [¶] (d) [h]e receives the child into his home and openly holds out the child as his natural child." This is a rebuttable presumption. (*In re Jesusa V.* (2004) 32 Cal.4th 588, 603-604.) Section 7612, subdivision (c), expressly provides that the presumption "is rebutted by a judgment establishing paternity of the child by another man." Although the language of sections 7611 and 7612 refers to presumptions of paternity, the statutes apply equally to women. (*Elisa B. v. Superior Court* (2005) 37 Cal.4th 108, 119.)

In this case, the respondent court was provided with a "Judgment Regarding Parental Obligations" dated October 22, 2002, declaring the biological mother, F.W., and petitioner "the mother and father" of each of said minors. Subsequent orders dated

3

May 27, 2008, and November 8, 2011, declare petitioner "is the parent of and must pay current child support for" each of said minors. The foregoing judgment and orders rebut any presumption under section 7611 and preclude a subsequent declaration that Valarie B. is the presumed parent of said minors. (See *In re Cheyenne B.* (2012) 203 Cal.App.4th 1361, 1372-1376 (*Cheyenne B.*).)

*Cheyenne B.* is directly on point. In that case, prior to the initiation of the dependency proceedings, the Los Angeles County Child Support Services Department had obtained a judgment regarding parental obligations for child support, finding the appellant to be the parent of the minor. (*Cheyenne B.*, *supra*, 203 Cal.App.4th at pp. 1368, fn. 13, 1372.) The court held that the judgment constituted a judgment establishing paternity within the meaning of section 7612, subdivision (c), and that such judgment rebuts another individual's section 7611, subdivision (d), presumption. (*Cheyenne B.*, *supra*, at pp. 1372-1376.)

While the respondent court's November 7, 2012, clarifying findings and orders suggests additional case authority holds to the contrary, it does not. *In re E.O.* (2010) 182 Cal.App.4th 722 simply stands for the proposition that a paternity judgment does not, in itself, entitle a biological father to presumed father status. (*Id*. at pp. 727-728.) This holding is reiterated in *Cheyenne B.* and does not affect the rebuttal of another person's claim of presumed father status. (*Cheyenne B.*, *supra*, 203 Cal.App.4th at pp. 1376-1378.) While the holding in *In re E.O.* prevents petitioner from using his paternity judgment as the sole basis for claiming presumed father status for himself, it does not prevent him from using it to rebut Valarie B.'s claim of presumed father status.

Nor is *In re A.A.* (2003) 114 Cal.App.4th 771, also cited by the respondent court, applicable here. *In re A.A.* held that a finding that another man is the biological father in the same case is *not* a prior judgment of paternity for purposes of section 7612, subdivision (c). (*In re A.A. , supra,*. at pp. 788-789.) It also held that the mere fact that someone else is the biological father does not necessarily constitute the clear and

4

convincing evidence required to rebut the presumed father status of another for purposes of section 7612, subdivision (a).  (*In re A.A. , supra,* at p. 788.)  It does *not* hold that a prior judgment of paternity, based on an individual's biological ties to the child, does not categorically rebut a claim of presumed father status by another, as *expressly* provided in section 7612, subdivision (c).

The holding in *In re A.A.* was reiterated in *In re P.A.* (2011) 198 Cal.App.4th 974.  There, the court explained that "Section 7612, subdivision (c), provides that a paternity presumption under section 7611 'is rebutted by a judgment establishing paternity of the child by another man.'  The plain language of that subdivision refers to a *judgment*, not merely a *finding* regarding biological tests used to determine if a man is the child's natural father.  (*In re A.A.*, [*supra*, 114 Cal.App.4th at p.] 789.)  This distinction is critical.  In enacting section 7612, subdivision (c), the Legislature established a categorical rule that allows a presumption of fatherhood to be rebutted when a judgment of paternity already exists, thereby preventing the court from determining parentage if it had previously been judicially determined.  (See, e.g., *Barkaloff v. Woodward* (1996) 47 Cal.App.4th 393, 399, [presumption of paternity was rebutted under § 7612 by prior stipulated judgment of paternity by another man]; *Kevin Q. v. Lauren W.* (2009) 175 Cal.App.4th 1119, 1141, [voluntary declaration of paternity under § 7573 accorded force and effect of a judgment].)  Stated another way, a section 7611 presumption is rebutted by a prior judgment because that 'judgment acts to preclude the issue of paternity from being *redetermined.*'  (*In re A.A.*, *supra*, 114 Cal.App.4th at p. 789, italics added.)"  (*In re P.A.*, *supra*, at p. 982.)[2]

_____

[2]    To the extent that *In re P.A.* states that a judgment of paternity does not automatically extinguish another's rights as a presumed father, we disagree and find the context of the statement distinguishable.  (See *In re P.A.*, *supra*, 98 Cal.App.4th at p. 983.)  The biological father in that case did not have a judgment of paternity, but rather, had evidence he was the biological father and argued that a judgment could be

5

A child support order is a judgment of paternity entitled to res judicata effect. (*De Weese v. Unick* (1980) 102 Cal.App.3d 100, 106-107; *City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1064-1066.) Its validity is not dependent or conditioned on the actual payment of court ordered child support and petitioner cannot be estopped from relying upon it due to his failure to pay.[3]

Section 7645 et seq., is the statutory means provided to set aside or vacate a judgment establishing paternity under specified circumstances. Additionally, where extrinsic fraud is practiced upon the court, an independent equitable action to challenge a judgment may be available. (*De Weese v. Unick*, *supra*, 102 Cal.App.3d at p. 107; *City and County of San Francisco v. Cartagena*, supra, 35 Cal.App.4th at pp. 1066-1067.) However, unless or until petitioner's judgment of paternity is set aside, it conclusively rebuts a section 7611 presumption.

We also disagree with the respondent court that application of section 7612, subdivision (c), is "nonsensical." Section 7612, subdivision (c), precludes serial redeterminations of parentage, which is conducive to providing stability for a child, as well as stability of judgments. (See *De Weese v. Unick*, *supra*, 102 Cal.App.3d at p. 105.) The statute does not prevent an individual who is acting as a parent to a child from pursuing his/her parental rights to the exclusion of an individual who has only biological ties but has no relationship or provided no support -- even when that individual has a judgment of paternity. Section 7800 et seq. sets forth the circumstances and

---

subsequently entered to bootstrap his way into defeating another's existing claim of presumed father status. Here, petitioner has a preexisting judgment of paternity, predating Valarie B.'s claim of rights.

[3]       Whether an individual has provided financial support may be relevant in cases where there are two competing presumptions and weighing under section 7612, subdivision (b), is being performed. (See *In re J.O.* (2009) 178 Cal.App.4th 139, 150.) However, because petitioner's judgment of paternity conclusively rebuts any section 7611 presumption, no weighing is performed here.

procedures for the termination of a biological parent's rights, and provides for the necessary notice and due process. Additionally, in the context of a dependency case, an individual may request placement of the child as a nonrelated extended family member (Welf. & Inst. Code, § 362.7) or be declared a de facto parent (Cal. Rules of Court, rule 5.502(10)).

In any event, the statutory language of section 7612, subdivision (c), is plain and clear. There is no statutory grant of judicial discretion to ignore the application of section 7612, subdivision (c). A judgment of paternity conclusively rebuts a section 7611, subdivision (d), presumption. We, therefore, need not look further than the language itself. (*Cheyenne B.*, *supra*, 203 Cal.App.4th at p. 1376; *People v. Walker* (2002) 29 Cal.4th 577, 581 ["if the statutory language is not ambiguous, then we presume the Legislature meant what it said, and the plain meaning of the language governs"].) Even if we were to disagree with the policy underlying this rule, our decision here is mandated by the statute, and we are not at liberty to rewrite the legislative scheme. Policy determinations and changes to California's existing statutory framework to accommodate complicated and changing familial patterns are matters for the Legislature. (*In re M.C.* (2011) 195 Cal.App.4th 197, 213-214.)

Finally, we do not find the application of section 7612, subdivision (c), to tread on the equal protection rights of same-sex couples. A nonbiological parent of a child has the same rights and complications in asserting his/her relationship with the child over that of a biological parent, regardless of whether that individual is in a same-sex or opposite-sex relationship with the other parent.

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its August 22, 2012, order which declares Valarie B. the presumed parent of minors M.W., Ja.W., and D.W.

    BLEASE    , Acting P. J.

We concur:

    MAURO    , J.

    HOCH    , J.